IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DORIS PERKINS                         :

   v.                                  :   Civil Action No. DKC 08-3340

KAISER FOUNDATION HEALTH              :
PLAN OF THE MID-ATLANTIC
STATES, INC.                          :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this employment discrimination action is a motion to seal filed by Defendant Kaiser Foundation Health Plan of the Mid-Atlantic States, Inc. (Paper 58). The relevant issues have been briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, Defendant's motion will be granted.

**I.  Background**

Prior to the time Plaintiff Doris Perkins commenced this action, her attorney, Jerome Clair, represented Plaintiff's sister, Francis Perkins-Watson, in a separate employment discrimination case against Defendant in this court ("the Perkins-Watson case"). In the instant case, Plaintiff filed, on February 23, 2009, a motion for judgment on the pleadings, arguing, in part, that Defendant's settlement of the Perkins-Watson case for a specified amount demonstrated that Defendant

was a "recidivist," thereby justifying an award of punitive damages. (ECF No. 15, at 11). Plaintiff attached as an exhibit to that motion a proposed settlement agreement in the Perkins-Watson case, along with a cover letter addressed to Mr. Clair, which designated the material a "Confidential Settlement Communication." (ECF No. 15, Ex. B (emphasis removed)). Upon granting Plaintiff's motion for leave to amend her complaint, the court denied the motion for judgment on the pleadings as moot.

After filing an amended complaint, Plaintiff renewed her motion for judgment on the pleadings, again including details of the Perkins-Watson settlement in the body of her motion and attaching the draft agreement and cover letter. (ECF No. 21, Attach. 1). That motion was subsequently denied.

On July 21, 2009, Plaintiff filed the draft settlement agreement yet again – this time as an independent docket entry. (ECF No. 35). The court placed it under seal in light of its confidential subject matter and directed Plaintiff to provide an explanation as to why it was filed. (ECF No. 36). The response from Plaintiff's counsel indicated that it was filed in error. (ECF No. 37). Shortly thereafter, Plaintiff filed a third motion for judgment on the pleadings. (ECF No. 43). This motion included the same language as the prior two, describing the terms of the Perkins-Watkins settlement, and purported to

attach the settlement agreement, but did not do so. By a memorandum opinion and order dated March 5, 2010, the court denied Plaintiff's third motion for judgment on the pleadings, and granted Defendant's motion to dismiss and for summary judgment, ordering that the case be closed. (ECF No. 52, 53).

On July 20, 2010, Defendant filed the pending motion to seal the three motions for judgment on the pleadings. (ECF No. 58). Plaintiff has not responded to this motion.

**II. Analysis**

A motion to seal must comply with Local Rule 105.11, which provides:

> Any motion seeking the sealing of pleadings, motions, exhibits or other papers to be filed in the Court record shall include (a) proposed reasons supported by specific representations to justify the sealing and (b) an explanation why alternatives to sealing would not provide sufficient protections. The Court will not rule upon the motion until at least 14 days after it is entered on the public docket to permit the filing of objections by interested parties. Materials that are the subject of the motion shall remain temporarily sealed pending a ruling by the Court. If the motion is denied, the party making the filing will be given an opportunity to withdraw the materials.

Here, Defendant argues that Plaintiff's motions for judgment on the pleadings must be sealed because they "reveal confidential settlement communications in violation of Local Rule 607(4)," and violate an order issued by Judge Day on

3

November 15, 2007, in the Perkins-Watson case. (ECF No. 58, Attach. 1, at 3). Local Rule 607.4 states that "[t]he Court's [alternative dispute resolution] process is confidential" and "[u]nless otherwise agreed by the parties and the Court, no disclosure shall be made to anyone . . . of any dispute resolution communication that in any respect reveals the dispute resolution positions of the parties or advice or opinions of neutrals." Local Rule 607.4. The Rule further provides that "[n]o such communication shall be admissible in any subsequent proceeding except as permitted by the Federal Rules of Evidence." *Id*. Moreover, Judge Day's November 15, 2007, order in the Perkins-Watson case confirms that the settlement process was confidential, specifically noting that "disclosure of confidential dispute resolution communications is prohibited" under Local Rule 607.4. Order Scheduling Settlement Conference, *Perkins-Watson v. Kaiser Permanente Health Plan of Mid-Atlantic States, Inc.*, No. 07-1417-AW (D.Md. Nov. 15, 2007), ECF No. 26.

There can be no doubt that the draft settlement agreement in the Perkins-Watson case is a "dispute resolution communication" insofar as it contains the terms of a proposed settlement. Furthermore, Plaintiff commenced this action on December 12, 2008, well after the Perkins-Watson case was closed, on February 25, 2008. *See Perkins-Watson*, No. 07-1417-AW (D.Md. Feb. 25, 2008), ECF No. 35. Thus, the instant case

constitutes a "subsequent proceeding" under Local Rule 607.4, and Plaintiff does not contend that any federal evidentiary rule permits the communication, nor could she.  Indeed, the court ordered, *sua sponte*, in this case that the draft settlement agreement be sealed when Plaintiff erroneously filed it as an independent docket entry.  (ECF No. 36).  For the same reasons, the same document attached to two of her motions for judgment on the pleadings is improper, as is the disclosure of its terms in the body of all three prior motions.  Finally, because the disclosures were prohibited under Local Rule 607.4, there is clearly no suitable alternative to sealing the documents at issue.

**III. Conclusion**

For the foregoing reason, Defendant's motion to seal will be granted.  A separate order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge